IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION DEC 20 AM 10: 35

| | |
|---|---|
| FRANCISCO NAVA-VIRRUETA, § | |
| Movant, § | |
| § | ~~EP-05-CA-0099-DB~~ |
| v. § | EP-03-CR-1420-DB |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Francisco Nava-Virrueta's ("Nava") *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [Docket No. 29]. Therein, Nava challenges his forty-six-month prison sentence for illegal re-entry into the United States. In its "Response to Motion to Vacate" ("Response") [Docket No. 31], Respondent (hereafter, "the Government") asserts Nava's claims lack merit and the Court should deny his Motion to Vacate. After reviewing the record and for the reasons discussed below, the Court concludes Nava has failed to establish his entitlement to relief pursuant to § 2255 and will accordingly dismiss his civil cause with prejudice. The Court will additionally deny Nava a certificate of appealability.

I.   **BACKGROUND**

   A.   United States v. Nava-Virrueta, *Criminal Cause No. EP-03-CR-1420-DB*

   A grand jury sitting in the Western District of Texas, El Paso Division, returned a one-count indictment charging Nava with illegal re-entry into the United States, in violation of 8 U.S.C. § 1326. The maximum punishment for illegal re-entry, in violation of section 1326(a), includes imprisonment for not more than two years. With the indictment, however, the

Government filed a written "Notice of Intent to Seek Increased Statutory Penalty" pursuant to 8 U.S.C. § 1326(b)(2), based on Nava's prior aggravated felony conviction.[1]

Nava elected to forego trial, choosing instead to plead guilty to the indictment. After entering his plea, Nava moved to dismiss the penalty enhancement. Nava argued the facts underlying the aggravated felony were not included in the indictment and could not be used to enhance his punishment. The Court, noting the Fifth Circuit Court of Appeals had expressly held that § 1326(b)(2) is a penalty enhancement and not a separate offense,[2] rejected Nava's arguments and denied his motion. The Court then entered its judgment, sentencing Nava to a forty-six-month term of imprisonment and a three-year term of supervised release. Nava appealed.

B.   United States v. Nava-Virrueta, *No. 03-51420, 101 Fed. Appx. 526, 2004 WL 1427135 (5th Cir. 2004)*

In his appeal, Nava again argued that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b) define separate offenses. He asserted the facts supporting the prior state-court conviction, which resulted in his increased sentence, were elements of a separate offense under 8 U.S.C. § 1326(b) that should have been alleged in his indictment. Nava maintained that he pleaded guilty to an indictment which charged only simple re-entry under 8 U.S.C. § 1326(a). He therefore claimed that his sentence exceeded the two-year maximum term of imprisonment which may be imposed for that offense.

---

[1] *State v. Nava*, Cause No. 990D01703 (120th Dist. Ct., El Paso County, Tex. Mar. 27, 2001).

[2] *United States v. Dabiet*, 231 F.3d 979, 984 (5th Cir. 2000).

The Fifth Circuit noted the Supreme Court had already held that the enhanced penalties in 8 U.S.C. § 1326(b) were sentencing provisions, and not elements of separate offenses.[3] "This court must follow [this precedent] 'unless and until the Supreme Court itself determines to overrule it.'"[4] The Fifth Circuit accordingly granted the Governments motion for summary affirmance.

C.   *Nava's Motion to Vacate*

The Court has liberally read Nava's Motion to Vacate, pursuant to *Haines v. Kerner*.[5] It understands Nava to argue two grounds for relief. First, Nava claims his appointed counsel, Assistant Federal Public Defender Robert F. Castaneda ("Castaneda"), provided ineffective assistance when he failed to object to the presentence investigation report's findings concerning Nava's prior aggravated felony conviction. Second, Nava asserts Casteneda failed to file a requested notice of appeal.

## II.   LEGAL STANDARD

A.   *Section 2255*

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted."[6] Accordingly, "'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional

---

[3] *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).

[4] *Nava-Virrueta*, 101 Fed. Appx. at 527 (quoting *Dabeit*, 231 F.3d at 984).

[5] 404 U.S. 519, 520 (1972).

[6] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).

rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"[7] Thus, before a court may grant relief pursuant to § 2255, the movant must establish: "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack."[8]

    B.    *Ineffective Assistance of Counsel*

The United States Constitution's Sixth Amendment guarantees an accused the right to the assistance of counsel for his defense in all criminal prosecutions.[9] Moreover, "the right to counsel is the right to the effective assistance of counsel."[10] A court may accordingly hear an ineffective assistance of counsel claim in a § 2255 motion.[11] To merit relief pursuant to § 2255 on an ineffective assistance of counsel claim, however, a petitioner must demonstrate both: (1) his trial counsel's performance fell below an objective standard of reasonableness; and (2) this

---

[7] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

[8] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[9] U.S. CONST. amend. VI.

[10] *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).

[11] *Gaudet*, 81 F.3d at 589.

deficient performance prejudiced his defense.[12]  A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective.[13]

In assessing whether a particular counsel's performance was constitutionally deficient, a court will indulge a strong presumption that counsel's conduct fell within the wide range of reasonable assistance.[14]  Accordingly, the performance inquiry must center on whether counsel's assistance was reasonable considering all the circumstances at the time of counsel's conduct.[15]  Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[16]  The test's deficient performance prong requires petitioner to establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[17]  Additionally, a deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if the petitioner fails to demonstrate actual prejudice.[18]

---

[12] *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

[13] *Id.* at 696.

[14] *Id.* at 689.

[15] *Id.* at 688-90.

[16] *Id.* at 687-90.

[17] *Id.* at 687.

[18] *Id.* at 686-87.

The test's prejudice prong requires the petitioner to show there is a reasonable probability that, but for counsel's unprofessional errors, the proceeding's result would have been different.[19] A "reasonable probability" is a probability sufficient to undermine confidence in the outcome.[20]

With these principles in mind, the Court turns to the merits of Nava's claims.

## III. ANALYSIS

Nava claims that Castaneda provided ineffective assistance when he failed to object to the presentence investigation report's findings concerning his state-court conviction which resulted in a sixteen-level increase to his base level offense. Nava further claims that Castaneda failed to argue against the sixteen-level adjustment at Nava's sentencing hearing.

The record does not support Nava's claims. It shows that Castaneda filed a motion to dismiss the penalty enhancement prior to Nava's sentencing, which the Court denied. Castaneda explains he did not re-argue the motion at Nava's sentencing "inasmuch as the same issue had been ruled on [and rejected] repeatedly by the District Court."[21] Nava has not overcome the strong presumption that Castaneda's conduct fell within the wide range of reasonable assistance. The Court therefore finds Castaneda assistance was reasonable and effective considering all the circumstances at the time he represented Nava.

Nava also claims Castaneda provided ineffective assistance when he failed to file a requested notice of appeal. Once again, the record does not support Nava's claim. It shows

---

[19] *Id.* at 694.

[20] *Id.*

[21] Resp't's Resp., Docket No. 31, Ex I, Aff. of Robert F. Castaneda.

instead that Castaneda filed a notice of appeal two days after Nava's sentencing hearing. The Fifth Circuit subsequently affirmed the Court's judgment. "The . . . presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."[22] Accordingly, the Court finds that Nava's claim is wholly without merit and subject to summary dismissal.

## IV.  CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[23] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[24] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[25] Although Nava has not yet filed a notice of appeal, this Court nonetheless may *sua sponte* address whether he is entitled to a certificate of appealability.[26]

---

[22] *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

[23] 28 U.S.C.A. § 2253(c)(1)(B) (West 2007).

[24] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted);

[25] *See* 28 U.S.C.A. §2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *see also Lackey*, 116 F.3d at 151 (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *but see United States v. Kimler*, 150 F.3d 429, 431 and 431 n.1 (5th Cir. 1998) (explaining the Fifth Circuit may address an issue not certified by the district court if the movant makes: (1) an explicit request; and (2) a substantial showing of the denial of a constitutional right.).

[26] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (explaining it is appropriate for district court to address *sua sponte* the issue of whether a certificate of appealability should be granted or denied, even before one is requested).

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[27] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[28] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[29] Here, Nava's Motion to Vacate fails because he has not made a substantial showing of the denial of a constitutional right. Accordingly, Nava is not entitled to a certificate of appealability.

## V.  CONCLUSION AND ORDER

For the reasons stated, the Court concludes it should deny Nava's Motion to Vacate and dismiss his civil cause. The Court further concludes that Nava is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

1. Movant Francisco Nava-Virrueta's *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [Docket No. 29] is **DENIED,** and his civil cause is **DISMISSED WITH PREJUDICE.**

---

[27] 28 U.S.C.A. § 2253(c)(2).

[28] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[29] *Slack*, 529 U.S. at 484.

2. Movant Francisco Nava-Virrueta is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

3. All pending motions in this cause, if any, are **DENIED AS MOOT**.

**SO ORDERED.**

SIGNED this _20th_ day of December 2007.

**DAVID BRIONES**
**UNITED STATES DISTRICT JUDGE**